Ruffin, C. J.
 

 This Court has no cognizance of the motion for a new trial: which was addressed entirely to the discretion of the Court, in which the trial was, and ought not to encumber the bill of exceptions.
 

 The point respecting the damages presented questions "on the trial of some novelty, and, nerhaps, of not very easy solution. The difficulty would not, indeed,. arise out of' a 'supposed restriction of a purchaser of slaves to the recovery of damages to the amount of the purchase money mentioned in the bill of sale, and interest thereon, in analogy, apparently, to the rule relative to the warranties of land*. For, the rule as to land stands on peculiar reasons, which were thought to control the usual measure of damages in the personal action of covenant, which is held to lie on a warranty.
 
 Phillips
 
 v.
 
 Smith,
 
 1 Law Repos. 475;
 
 Williams
 
 v.
 
 Beeman,
 
 2 Dev. 483. But as mentioned in the latter case, on covenants relating to personal' things, the
 
 *258
 
 recovery always is for the actual damages or loss to the covenantee from the breach; as, for example, the value of an article at the time it ought to be delivered, or the value ’,o,f slaves at the time of eviction. But it might not be so easy to say, whether there be any rule of la-w as to the' measure of damages, or, if there be, what it is, in a case like this ; in which the conveyance and covenant are substantially voluntary, and the eviction was j,by a title paramount in trust for the plaintiff's family and himself, of the .existence of which he -was aware at the time he took his &eed, and from which he then represented to the defendant no harm could come. But, whatever may be the rule of law °d those points, the case, as it now stands, cannot be affected by it. For, it is clear, that the instructions on this part of the case had no effect on the verdict, since the jury did not give the plaintiff damages on either basis, but found against him altogether. It is thus reduced to a certainty that the verdict was upon the other parts of the case, and therefore that the instruction as to the measure of damages wap perfectly immaterial, and coulct not prejudice t.he plaintiff-
 

 It was next said for the plaintiff, that there is error in the instruction as to the effect on the deed of tt)e alleged fraud and imposition in inducing the defendant to execute the .deed, by deceitfully representing to him, that he could lawfully conceal the prior deed of trust made by him, although the plaintiff knew at the time, that the deed of trust was irrevocable, and conclusive of the title to the two slaves. The Court, it is .true, does not approve of thajt part of the instructions. For, although the facts assumed in the hypothesis might in another forum affect the operation of the deed, so as to cause it there, according to circumstances, to be set aside, or to be held as a s.epurity for money paid or laid out under it, yet at law they do not avoid the deed. In g, Court qf law the question is a. naked ope, of deed or no deed ; for, if the deed be an instrument for any purpose, it
 
 *259
 
 remains so to all purposes, either as conveying the thing, or covenanting for the title. And, supposing the defendant to have had capacity to contract, and that no trick or deception was practised on him as to the terms of the instrument he was executing, but he knew the contents of it and executed it voluntarily, the Court holds, that upon
 
 non est factum
 
 the instrument would not be avoided, but be held to be the defendant’s deed, notwithstanding any fraud in the consideration of the deed or in any false representation of a collateral fact, whereby the defendant was induced to enter into the contract by executing the instrument.
 
 Logan
 
 v.
 
 Simmons,
 
 1 Dev. and Bat. 13;
 
 Reed
 
 v.
 
 Moore,
 
 3 Ire. 310. But, though that be the opinion of the Court, it is not now •open
 
 to
 
 the plaintiff to complain of that en or, because he took no exception to it on the trial. For the best reasons it is entirely settled, that the Court can take no notice of an error not apparent in the record, that is, in the pleadings, verdict, or judgment, unless the appellant except to it at the trial. Besides the presumption, that every thing was done right until the contrary be alleged, there is another, that, for purposes of his own, the party assented to or acquiesced in every opinion of the Court, to which he did not at the time except. In this case the exception is confined to the directions respecting the damages, and finds no fault with that as to the fraud and imposition. Indeed, the plaintiff seems to have preferred putting his case before the jury on the questions of fact alone, whether he had made the alleged representation, and whether the plaintiff acted on it. He did not raise the question of law below, which he urges here, and therefore he cannot now raise it.
 

 Per Ccjriam. Judgment affirmed.